IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:09-cr-00214

JERRY DISMUKES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion for Withdrawal of Guilty Plea by Defendant Jerry Dismukes [Docket 71], which was filed on July 12, 2010. The Court conducted a hearing on this motion on August 17, 2010.

*I. INTRODUCTION*

Defendant was indicted on September 23, 2009. On April 27, 2010, Defendant appeared before this Court for the purpose of entering a guilty plea to Count One of the indictment, which charged him with the distribution of 5 or more grams of cocaine base, also known as "crack," in violation of 21 U.S.C. § 841(a)(1). Following a Rule 11 proceeding, the Court accepted the plea of guilty, found that a factual basis existed for his plea, deferred adjudging Defendant guilty, and ordered the preparation of the presentence report.

Defendant is now seeking to withdraw his guilty plea for two reasons. First, Defendant argues that his plea was not knowing and voluntary in that there were deficiencies in his understanding at the time he entered the plea. Second, Defendant argues that he was denied close

assistance of competent counsel in that his counsel did not fully explain the plea agreement and pressured him to accept the agreement despite the deficiencies in his understanding.

## *II. LEGAL STANDARD*

Fed. R. Crim. P. 11(d)(2)(B) provides, in pertinent part, that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a fair and just reason supports his request to withdraw his plea. *Id.* A fair and just reason is "one that 'essentially challenges . . . the fairness of the Rule 11 proceeding.'" *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995) (quoting *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992)).

In deciding whether to permit a defendant to withdraw his guilty plea, the district court considers

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had the close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether withdrawal will inconvenience the court and waste judicial resources.

*Moore*, 931 F.2d at 248. Although all the factors in *Moore* must be given appropriate weight, the central question is whether the Rule 11 colloquy was properly conducted. *Puckett*, 61 F.3d at 1099. If the Rule 11 colloquy was proper, a strong presumption attaches that the plea is final and binding. *Lambey*, 974 F.2d at 1394.

### *III. DISCUSSION*

*A. Whether Defendant has offered credible evidence that the plea was not knowing and voluntary*

Defendant primarily rests his case on the first *Moore* factor, maintaining that his plea was not truly knowing or voluntary. *Moore*, 931 F.2d at 248. This is the "most important consideration" of the *Moore* factor test. *United States v. Cline*, 286 F.App'x 817, 819 (4th Cir. 2008) (per curiam) (unpublished). When analyzing this factor, the court "must assess whether the Rule 11 colloquy was properly conducted and the plea was both counseled and voluntary." *Id.* (citing *United States v. Bowman*, 348 F.3d 408, 413-14 (4th Cir. 2003)).

Here, Defendant has raised no objections to the sufficiency or accuracy of the information that the Court presented to him at the Rule 11 colloquy. Instead, Defendant, through counsel, suggests that he was internally unsure about the complexities and repercussions of his plea. In support, Defendant notes that he took several breaks during the plea hearing to confer with his lawyer and was hesitant when responding to some of the Court's questions. The Court notes that Defendant has offered no evidence in support of these assertions or his motion generally, aside from the comments of counsel.

The Rule 11 colloquy is specifically designed to protect a defendant against an uninformed and involuntary plea. *Bowman*, 348 F.3d at 417. That Defendant acted with hesitation and took several breaks to confer with his attorney does not provide adequate support for a finding that his plea was uninformed or involuntary. The Court is not privy to the content of these sidebars and "is entitled to rely on the defendant's statements made under oath to accept a guilty plea." *Id.* at 417. The Court reviewed with Defendant all of the material components of the guilty plea, and Defendant represented to the Court that he both understood and acquiesced. (Docket 68.) The Court also

3

specifically asked Defendant whether his plea was submitted voluntarily and of his own free will, and Defendant answered in the affirmative. (Docket 68 at 31.)

When a defendant lies in a Rule 11 colloquy, "he bears a heavy burden in seeking to nullify the process." *Id.* at 417. The representations of current defense counsel concerning Defendant's internal turmoil during the plea hearing simply do not provide enough "credible evidence" to negate defendant's affirmative statements to the contrary. *Moore*, 931 F.2d at 248. Accordingly, the first *Moore* factor weighs against withdrawal.

*B. Whether Defendant has credibly asserted his legal innocence*

Defendant has informed the Court that he does not assert this factor as a basis for his claim. Therefore, the second *Moore* factor weighs against withdrawal.

*C. Whether there has been a delay between the entering of the plea and the filing of the motion*

Defendant submitted a letter to the Court with notification of his intention to withdraw the guilty plea on April 28, 2010, the day after the April 27, 2010, plea hearing. Therefore, the third *Moore* factor weighs in favor of withdrawal.

*D. Whether Defendant has had the close assistance of competent counsel*

Defendant asserts that he was denied the close assistance of competent counsel because his counsel did not help him truly understand and feel comfortable with the decision to plead guilty. Defendant also notes that he felt pressured by his counsel to enter the plea.

As a general rule, a defendant asserting that he did not receive close assistance of counsel must demonstrate "'(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.'" *Bowman*, 348 F.3d at 416

(quoting *United States v. DeFreitas*, 865 F.2d 80, 82 (4th Cir. 1989)) (alteration in original) (internal quotation marks and citations omitted). This standard is derived from the test for ineffective assistance of counsel. *See DeFreitas*, 865 F.2d at 82 (quoting *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985)). As such, in order for this factor to weigh in favor of withdrawal, Defendant's former counsel must have made some objectively unreasonable error that resulted in Defendant choosing a guilty plea instead of exercising his right to a trial. *See Bowman*, 348 F.3d at 416.

Quite simply, Defendant has offered no credible evidence in support of the proposition that an error made by his former counsel directly resulted in his guilty plea. Defendant's complaints are largely vague assertions that his counsel did not fully explain to him the ramifications of the plea agreement and subjected him to pressure to enter the plea at the April 27, 2010, hearing. Indeed, current defense counsel conceded at the evidentiary hearing in this matter that he would not be able to meet the standard for showing that Defendant's former counsel was ineffective or incompetent. Further, even if Defendant's unsubstantiated complaints about his former counsel were enough to meet the standard articulated above, the fact remains that this position is again in direct contradiction with the statements Defendant made during his Rule 11 colloquy, statements which the Court may rely on as truthful. *Bowman*, 348 F.3d at 417. At that time, Defendant asserted that he had discussed the plea agreement in detail with his attorney, that he had had adequate time to discuss the case fully with his attorney, and that his attorney had answered all of his questions. (Docket 68 at 20.) Defendant also agreed that his attorney had not left anything undone in his case and maintained that his plea was freely and voluntarily given. (Docket 68 at 32, 31.) Therefore, the fourth *Moore* factor weighs against withdrawal.

*E. Whether withdrawal will cause prejudice to the government*

In order to show prejudice, the Government may not simply "rely[] on the costs that would inevitably attend the trial of a particular case even in the absence of a withdrawn guilty plea." *United States v. Faris*, 388 F.3d 452, 459 (4th Cir. 2004), *sentence vacated on other grounds*, 544 U.S. 916 (2005) (citing *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004)). Rather, "the Government must identify some costs specifically resulting from the entry and subsequent withdrawal of the plea." *Id*. at 459-60 (citing *United States v. Morrison*, 967 F.2d 264, 269 (8th Cir. 1992)). Here, the Government has primarily identified possible prejudice in the form of the cost and time of a subsequent trial and appeal. While the Court acknowledges this burden, these costs are not an appropriate consideration for the purposes of analyzing this factor. *Id*. Moreover, the Court is unable to find any prejudice specifically resulting from the entry or withdrawal of Defendant's plea that is apparent from the face of the record. As such, the fifth *Moore* factor is neutral and does not provide an obstacle to withdrawal.

*F. Whether withdrawal will inconvenience the court and waste judicial resources*

When considering inconvenience and the waste of judicial resources, a court should not place much weight on the costs of the "routine requirements" that arise in most criminal cases. *Id*. at 460. However, a court may consider whether a defendant has a "legitimate interest in withdrawing his guilty plea to test the possibility of acquittal at trial." *Id.*

Here, Defendant has entered into a factual stipulation detailing his commission of the crime in question and has thus made "credible admissions of guilt. . . . [and] has no legitimate interest in withdrawing his guilty plea to test the possibility of acquittal at trial." *Id*. As such, a withdrawal would inevitably cause some inconvenience and prejudice to the Court. However, as the Fourth

Circuit has counseled against according this factor "undue weight" and the Government has not identified further costs or inconvenience that would result if this plea were permitted to be withdrawn, the Court will simply note that this factor is neutral and weighs neither conclusively for nor against withdrawal. *Id.* at 460-61.

## IV. CONCLUSION

An analysis of the six *Moore* factors reveals only one – Defendant's timely filing of his motion to withdrawal – that militates in favor of withdrawal. On balance, Defendant has not presented a "fair and just reason" for withdrawal of his plea. Fed. R. Crim. P. 11(d)(2)(B); *see also Moore*, 931 F.2d at 248. As such, the Court **DENIES** Defendant's Motion to for Withdrawal of Guilty Plea [Docket 71].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: October 25, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE